United States District Court
Southern District of Texas
**ENTERED**
November 16, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| JOHNNY GONZALES, SR, § | |
| § | |
| Petitioner, § | |
| § | |
| VS. § | CIVIL ACTION NO. 2:21-CV-00242 |
| § | |
| BOBBY LUMPKIN, § | |
| § | |
| Respondent. § | |

## MEMORANDUM AND RECOMMENDATION

Petitioner, currently incarcerated at the Nueces County Jail, filed the pending petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. After considering the pleadings and relief sought by Petitioner, the undersigned RECOMMENDS the petition be DISMISSED without prejudice prior to service pursuant to the screening provisions of Rule 4 of the Rules Governing Section 2254 as Petitioner has not exhausted his claims.[1] The undersigned further RECOMMENDS the Court DENY a Certificate of Appealability.

**I.   JURISDICTION**

The Court has jurisdiction over the subject matter and the parties pursuant to 28 U.S.C. §§ 2241 and 2254. A habeas action may be filed either in the district where

---

[1] Rule 4 of the Rules Governing Section 2254 Cases provides authority to summarily dismiss frivolous habeas petitions upon preliminary review, prior to any answer or other pleading by the state. *Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999). Specifically, the rule states that if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. 28 U.S.C. § 2254, Rule 4. This power of the district court is rooted in "the duty of the court to screen out frivolous applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary answer." *Kiser*, 163 F.3d at 328 (quoting 28 U.S.C. § 2254 Rule 4 Advisory Committee Notes).

petitioner is in custody or in the district in which petitioner was convicted. 28 U.S.C. § 2241(d); *Wadsworth v. Johnson*, 235 F.3d 959, 961 (5th Cir. 2000). Jurisdiction and venue are proper in this Court because Petitioner was convicted within the Corpus Christi Division of the Southern District of Texas. *Id.*; 28 U.S.C. § 124(b)(6). This case was referred to the undersigned pursuant to 28 U.S.C. § 636.

## II.     BACKGROUND

A jury in Nueces County, Texas found Petitioner guilty of possession of a controlled substance (Case No. 16FC-0571-H) and tampering with or fabricating physical evidence (Case No. CR15002022-H) and he was sentenced to incarceration on December 1, 2020. (D.E. 1). In his petition, Petitioner asserts his direct appeals are still pending and he has not filed a petition for discretionary review ("PDR") or a state habeas application for either conviction. (D.E. 1). A review of the Texas Courts website confirms Petitioner's assertions. Texas Judicial Branch, https://search.txcourts.gov/Case.aspx?cn=13-20-00537-CR&coa=coa13 and https://search.txcourts.gov/Case.aspx?cn=13-20-00538-CR&coa=coa13 (last visited November 16, 2021).[2] In his pending petition, Petitioner asserts claims of excessive punishment, double jeopardy and fabricated evidence. (D.E. 1-1 and D.E. 1-2).

---

[2] While Petitioner lists several other case numbers in his supporting documentation which appear to be related to other criminal charges, Petitioner lists only the two cases above as those he is challenging in the present petition. (D.E. 1, Pages 2-3) (Listing trial court case numbers and corresponding appellate case numbers).

### III.   EXHAUSTION

A petitioner must fully exhaust state remedies before seeking federal habeas relief. 28 U.S.C. §2254(b).  To do so, a petitioner must fairly present the factual and legal basis of any claim to the highest available state court for review prior to raising it in federal court. *Sterling v. Scott*, 57 F.3d 451, 453 (5th Cir. 1995); *Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993).  In Texas, all claims must be presented, either in a properly filed PDR or a state application for writ of habeas corpus, to the Texas Court of Criminal Appeals ("TCCA").  *Richardson v. Procunier*, 762 F.2d 429, 431 (5th Cir. 1985); *Bautista v. McCotter*, 793 F.2d 109, 110 (5th Cir. 1986).  The Fifth Circuit has explained that "the state court system must have been presented with the same facts and legal theory upon which the petitioner bases his current assertions."  *Ruiz v. Quarterman*, 460 F.3d 638, 643 (5th Cir. 2006) (citing *Picard v. Connor*, 404 U.S. 270, 275-77 (1971)).

Here, Petitioner has not presented his claims to the TCCA as his direct appeals are still pending in state court.  (D.E. 1).  Petitioner has not filed any PDRs or state habeas petitions.  (D.E. 1); Texas Judicial Branch, https://search.txcourts.gov/ Case.aspx?cn=13-20-00537-CR&coa=coa13  and  https://search.txcourts.gov/Case.aspx?cn=13-20-00538-CR&coa=coa13 (last visited November 16, 2021).  Therefore, the TCCA has not had an opportunity to review the claims raised in this federal petition and the interests of comity are best served in this case by Texas courts having an opportunity to consider them. *Richardson*, 762 F.2d at 430-31; *Deters*, 985 F.2d at 797 ("Because no Texas appellate court, let alone the Court of Criminal Appeals, has reviewed the merits of [Petitioner's]

claims, this Court would unduly trample upon the objectives of the exhaustion doctrine to reach the merits of this case.")  The TCCA has not yet had a fair opportunity to consider the merits of Petitioner's claims and therefore, the claims are unexhausted for purposes of federal habeas review and any ruling from a federal court at this time would be premature. *Id.* ("Because [Petitioner's] state appeal is still pending, we would have to ignore the doctrine of federal-state comity by disrupting that ongoing state process…[and] would have to reach the merits without the aid of a complete record.")  Further, Petitioner provides no sufficient reason why his failure to exhaust should be excused.  28 U.S.C. § 2254(b)(1)(B) (Providing for relief on unexhausted claims when no state process is available or such process is ineffective to protect Petitioner's rights).

## IV.     CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the Court of Appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A).  Although Petitioner has not yet filed a notice of appeal, it is respectfully recommended that this Court nonetheless address whether he would be entitled to a certificate of appealability ("COA").  A district court ruling on a petitioner's relief may *sua sponte* rule on a COA because it "is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court.  Further briefing and argument on the very issues the court has just ruled on would be repetitious."  *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (per curiam).

A COA "may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). As to claims the Court rejects solely on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). As to claims the Court rejects solely on procedural grounds, the Petitioner must show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id*. (emphasis added).

In Petitioner's case, it is recommended Petitioner does not demonstrate these standards. If the District Judge orders that Petitioner's habeas petition be denied and Petitioner seeks a COA in order to proceed with his case, it is further recommended the COA be denied because he has not made the necessary showing for issuance.

V. **RECOMMENDATION**

Accordingly, it is respectfully **RECOMMENDED** that Petitioner has failed to

exhaust his legal remedies in state court and his petition should be **DISMISSED without prejudice**.  It is further **RECOMMENDED** that a certificate of appealability be **DENIED**.

Respectfully submitted on November 16, 2021.

_____
Jason B. Libby
United States Magistrate Judge

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto Ass'n,* 79 F.3d 1415 (5th Cir. 1996) (en banc).